1
2
3
4
5
6
7

8
UNITED STATES DISTRICT COURT

9
FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11
GERALD GLAZER, et al.,

No.  2:21-cv-01770-DAD-DB

12
Plaintiffs,

13
v.

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

14
THE PRIVATE RESIDENCES AT
ONTARIO PLACE CONDOMINIUM
15
ASSOCIATION, et al.,

(Doc. No. 45)

16
Defendants.

17

18
  This matter is before the court on a plaintiffs' motion to amend the court's judgment,

19
which the court construes as a motion for reconsideration of the court's February 3, 2023 order

20
granting defendants' motion to dismiss.  (Doc. No. 45.)  For the reasons set forth below, the court

21
will deny plaintiffs' motion for reconsideration.[1]

22
  The court will not summarize the background of this case in this order and instead

23
incorporates by reference the background section in the court's February 3, 2023 order.  (Doc.

24
No. 43 at 2–3.)  In that order, the court dismissed this action without leave to amend due to this

25
court's lack of personal jurisdiction over defendants.  (*Id.* at 15.)  On March 2, 2023, plaintiffs

26

27
[1] The court determines that it need not await a response from defendants to plaintiffs' pending
motion for reconsideration because, for the reasons set forth herein, reconsideration of the court's
28
February 3, 2023 order is not warranted.

1

filed the pending motion, which they captioned as a "motion to amend the judgment," purportedly

Brought pursuant to both Federal Rules of Civil Procedure 59(e) and 60(b). (*See* Doc. No. 45 at

3–4.)  However, because plaintiffs seek reconsideration of the court's February 3, 2023 order

dismissing this action (*see id.* at 6), Rule 60(b) provides the only basis for possible

reconsideration of that final order.

   Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment

on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has

been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."

Fed. R. Civ. P. 60(b).  "A motion for reconsideration should not be granted, absent highly unusual

circumstances, unless the district court is presented with newly discovered evidence, committed

clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to

raise arguments or present evidence for the first time when they could reasonably have been

raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

F.3d 873, 880 (9th Cir. 2009) (emphasis in original) (internal quotations marks and citations

omitted).

   Here, plaintiffs do not seek reconsideration of the court's conclusion that this court lacks

personal jurisdiction over defendants.  Rather, plaintiffs seek reconsideration of the court's

decision to dismiss this action and close this case, now requesting for the first time that the court

instead transfer this action to the Northern District of Illinois, which plaintiffs refer to as the

"correct forum" for this action.  (Doc. No. 45 at 5.)  Plaintiffs argue that such a transfer is

required by 28 U.S.C. § 1631.  (*Id.* at 4–5.)

   That statute provides that if a "court finds that there is want of jurisdiction, the court shall,

if it is in the interest of justice, transfer such action or appeal to any other such court in which the

action or appeal could have been brought at the time it was filed . . .."  28 U.S.C. § 1631.

"Transfer is appropriate under § 1631 if three conditions are met:  (1) the transferring court lacks

jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was

1    filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070,

2    1074 (9th Cir. 2001).

3         Having found that this court lacks personal jurisdiction over the defendants, and assuming

4    *arguendo* that the Northern District of Illinois could have exercised jurisdiction at the time this

5    action was filed, the only remaining question is whether a transfer in lieu of dismissal would be in

6    the interest of justice. *See id.* "When determining whether transfer is in the interest of justice,

7    courts have considered whether the failure to transfer would prejudice the litigant, whether the

8    litigant filed the original action in good faith, and other equitable factors." *Id.* Generally,

9    "transfer will be in the interest of justice because normally dismissal of an action that could have

10   been brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905

11   F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)).

12        In the pending motion, plaintiffs argue that the interests of justice require that this action

13   be transferred because plaintiffs allege that defendants committed tortious acts, and "[i]f plaintiffs

14   may not litigate their claims in California they should be permitted to litigate their claims in

15   Illinois." (Doc. No. 45 at 5.)  Notably, in their opposition to defendants' motion to dismiss,

16   plaintiffs did not request that the court transfer this action in the event the court found that it

17   lacked personal jurisdiction over defendants.  Instead, plaintiffs make this request for the first

18   time in their pending motion for reconsideration. *See Marlyn Nutraceuticals, Inc.*, 571 F.3d at

19   880 (explaining that a motion for reconsideration "may *not* be used to raise arguments . . . for the

20   first time when they could reasonably have been raised earlier in the litigation") (emphasis in

21   original) (citing *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

22        In addition, the parties do not dispute that they have engaged in prior litigation in Illinois

23   state court relating to the sale of the condominiums at issue in this action, nor that plaintiffs were

24   unsuccessful in that state court action. (*See* Doc. Nos. 15 at 11; 32 at 12–13; 43 at 14–15; 45 at

25   5.)  As defendants argued in their motion to dismiss, plaintiffs' decision to file this lawsuit in the

26   Eastern District of California "is obvious forum shopping—seeking to avoid the Illinois court,

27   which has rejected [p]laintiffs' theories." (Doc. No. 15 at 24); *cf. Ogdon v. Grand Canyon Univ.*,

28   No. 1:20-cv-00709-DAD-SKO, 2022 WL 846973, at *17 (E.D. Cal. March 22, 2022) (finding

1   that transfer of action would be in the interest of justice where, *inter alia*, plaintiff filed the action

2   "in good faith").

3         Finally, plaintiffs do not assert in their pending motion that they are now barred from

4   filing an action in the United States District Court for the Northern District of Illinois due to any

5   applicable the statute of limitations; rather, they merely assert that "Illinois is the only forum now

6   available to plaintiffs."  (Doc. No. 45 at 5); *see Medley v. Allison*, No. 5:21-cv-00937-DOC-

7   MAR, 2021 WL 2580507, at *2 (C.D. Cal. June 23, 2021) (describing "whether the failure to

8   transfer would prejudice the litigant" as a "[f]actor[] to consider when deciding whether

9   transferring a case is in the interest of justice") (citing *Cruz-Aguilera*, 245 F.3d at 1074).

10  Therefore, the court is not persuaded by plaintiffs' conclusory argument that transferring this

11  action is in the interests of justice or that "highly unusual" circumstances exist here warranting

12  reconsideration of this court's February 3, 2023 order.  *See Marlyn Nutraceuticals, Inc.*, 571 F.3d

13  at 880.  Accordingly, the court finds that there is no basis upon which to reconsider its February

14  3, 2023 order granting defendants' motion to dismiss this action.

15        For the reasons set forth above, plaintiffs' motion for reconsideration of the court's

16  February 3, 2023 order (Doc. No. 45) is denied.

17        IT IS SO ORDERED.

18  Dated:  __**March 6, 2023**__

19  UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

4